IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:23-CR-076-Z-BR-(1) |
| BRIAN LAMONT DAVIS, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

On October 1, 2024, the Court held a rehearing on Defendant's Motion to Suppress to receive and consider allegedly new evidence obtained by Defendant. After due consideration of the evidence presented and the parties' arguments, the Court **FINDS** that Defendant failed to present any new material facts which alter the Court's original Order denying Defendant's Motion to Suppress. Accordingly, the Court **AFFIRMS** its original Order denying Defendant's Motion to Suppress (ECF. No. 50), with one factual correction: based on its review of the transcripts, videos, testimony, and the arguments of counsel, this Court **FINDS** that Davis and Gamble rented the vehicle in Ohio, then traveled through Las Vegas, a known drug-trafficking corridor.

BACKGROUND

On February 13, 2024, Defendant filed a Motion to Suppress, arguing that law enforcement did not have probable cause to search the vehicle he was driving because the search occurred after the officer issued him a warning for speeding. ECF No. 34. The Court set a hearing on Defendant's Motion to receive evidence and better understand the legal positions of both parties. ECF Nos. 37, 44. After considering the evidence presented at the hearing, the Court denied Defendant's Motion to Suppress. ECF No. 50. Nearly three months later, Defendant filed a Motion for Rehearing of

1

Defendant's Motion to Suppress, stating that Defendant received new body camera and dash camera videos containing time stamps and metadata. ECF No. 60, 67. Because the original videos used at the suppression hearing contained footage alone with no running timestamps or time clock, Defendant argued that the original videos were not "completely accurate" copies. ECF Nos. 67, 71. Despite the vagueness of Defendant's Motion, the Court granted Defendant's Motion and scheduled a rehearing to give Defendant an opportunity to present his allegedly new evidence. ECF No. 75. Prior to the hearing, the Court twice warned Defendant to prepare evidence "support[ing] his arguments that the original videos [were] 'inaccurate' or failed to depict 'missing' data or metadata." ECF Nos. 75, 81. In both orders, the Court specified the types of evidence it expected Defendant to present to support his claims that the new videos portrayed a materially new sequence of events. ECF Nos. 75, 81.

STANDARDS

When a defendant requests the Court to rehear a suppression motion, the defendant bears the burden of alleging facts that are "sufficiently definite, specific, detailed, and nonconjectural, to enable the Court to conclude that a substantial claim is presented." *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972). "General or conclusionary assertions, founded upon mere suspicion or conjecture, will not suffice." *United States v. Harrelson*, 705 F.2d 733, 738 (5th Cir. 1983). A defendant must demonstrate how the "new evidence creates a genuine factual dispute on an outcome determinative fact." *United States v. Mercadel*, 75 F. Appx 983, at *6 (5th Cir. 2003).

ANALYSIS

**I. Defendant failed to present any new, material evidence at the rehearing.**

Defendant failed to present any evidence at the rehearing raising any new, material facts affecting the Court's previous denial of Defendant's suppression motion — in fact, Defendant failed to present *any* evidence that the new videos portrayed any new sequence of events or

2

different time intervals. Defense Counsel admitted that "[I] [d]on't know that [the new videos] would alter the Court's ruling" denying Defendant's suppression motion. Transcript at pg. 9. The Court then asked Defense Counsel to explain "using witness[es], using forensic analysis evidence that you were ordered to submit, explain to [the Court] how that affects any of the factors this Court applied in deciding suppression in the first hearing." Transcript at pg. 11. Defense Counsel replied, "I am unable to do that, Your Honor." Transcript at pg. 11. When asked how the new timestamped videos reflect a different sequence of events or different time span, Defense Counsel replied, "I can't represent to the Court that [the new videos] do[] alter the analysis." Transcript at pg. 14. Defense Counsel also admitted that he "did have a forensic analyst look at [the videos]. He did not identify any inaccuracies in the depictions." Transcript at pg. 16. Ultimately, Defense Counsel confirmed that Defendant wished to withdraw any "motion to reconsider this Court's order on suppression based on new videos that [allegedly] reflect certain inaccuracies." Transcript at pg. 17. And the Court confirmed a second time at the end of the hearing that Defendant was "withdrawing [his] motion for reconsideration of the Court's prior order on suppression." Transcript at pg. 24. The Court then deemed those pleadings withdrawn. Transcript at pg. 25.

### II. The Court's independent analysis confirms that the new videos obtained by Defendant depict the same images and the same time intervals.

The Court independently examined the new timestamped videos obtained by Defendant and concluded that the new videos contain identical footage to the videos used at the initial suppression hearing. Although the new videos do contain running "timestamps" overlaid on the video footage, these timestamps merely demonstrate the exact time law enforcement initiated the traffic stop. The videos are otherwise identical to the original videos used at the first suppression hearing: (1) the original and new body-cam videos are 1:20:23 in duration; (2) the original and new patrol-car videos are 1:21:49 in duration; and (3) the original and new dashcam videos are

1:21:49 in duration. Because the new videos depict an identical sequence of events and identical time intervals as the original videos, the Court **FINDS** that the "new evidence" does *not* create a genuine factual dispute on an outcome determinative fact." *Mercadel*, 75 F. Appx. 983, at *6. Though Defendant *withdrew* his Motion for Rehearing, ECF No. 60, 67, this Court expressly **DENIES** all relief requested therein.

### III. The Court modifies the Order to reflect one factual correction.

At the rehearing, the Government requested that the Court correct a fact stated in its Order Denying Defendant's Motion to Suppress. Transcript at pgs. 21–24. The Order originally stated that "Davis and Gamble rented the vehicle in Las Vegas, which is a known drug-trafficking corridor." ECF No. 50 at pg. 7 (emphasis added). The Government clarified that Defendant rented the vehicle in *Ohio* rather than Las Vegas, Nevada. Transcript at pg. 23.

Based on its review of the transcripts, videos, testimony, and the arguments of counsel, this Court **FINDS** that "Davis and Gamble rented the vehicle in Ohio, then traveled through Las Vegas, a known drug-trafficking corridor," and hereby corrects and modifies the Order to reflect same. This factual correction and modification does not alter this Court's weighting of the "seven categories relevant to the . . . 'totality of the circumstances'" analysis stated in the Order. ECF No. 50 at pg. 7.

#### CONCLUSION

Because Defendant failed to present any evidence that the new videos depict a different sequence of events or a different time interval, the Court **FINDS** that Defendant failed to present any new material facts which alter the Court's original Order denying Defendant's Motion to Suppress. Thus, the Court **AFFIRMS** its original Order denying Defendant's Motion to Suppress. ECF. No. 50.

**SO ORDERED.**

October 1, 2024.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE